**In re the Petition for DISCIPLINARY ACTION AGAINST Robert J. SENG, Jr., an Attorney at Law of the State of Minnesota.**

No. C8–90–2290.

Supreme Court of Minnesota.

Nov. 15, 1990.

ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Robert J. Seng, Jr. has committed professional misconduct warranting public discipline. In the petition, the Director alleges that, in October of 1989, while respondent was suspended for nonpayment of attorney registration fees and was on restricted status for noncompliance with Continuing Legal Education ("CLE") requirements, respondent agreed to represent some clients in the sale of some real estate; that, at the time respondent agreed to represent these clients, respondent knew the status of his attorney license and knew that he was not authorized to represent clients; that respondent represented these clients in several conversations with the buyer's attorney regarding the terms of an escrow agreement; that respondent took another attorney's stationary, without that attorney's knowledge or consent, for respondent's use in corresponding with the buyer's attorney; that respondent represented his clients at the real estate closing; and that, after the closing, respondent failed to obtain an order in a proceeding subsequent, as was required by the escrow agreement and failed to communicate with his clients regarding the matter. Respondent had been on stipulated private probation from October 6, 1987 to October 6, 1989, for past misconduct. The private probation was terminated in October of 1989, despite respondent's continuing attorney registration and CLE delinquencies, because respondent apparently was not practicing law.

After the Director's investigation, the petition in this matter was filed along with a stipulation for discipline between the Director and respondent. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14, Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending

that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is indefinite suspension with no right to petition for reinstatement until 1 year after the date of this order. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Robert J. Seng, Jr., hereby is indefinitely suspended pursuant to Rule 15, Rules on Lawyers Professional Responsibility, with no right to petition for reinstatement until 1 year after the date of this order.

2. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.